## CITY OF PARIS *v.* JAMES MCINTYRE.

**City Taxes on Agricultural Lands.**

Courts cannot declare unconstitutional an act of the legislature extending the boundary of a city upon the mere supposition as to the impolicy of such extension. Before courts will do so there must be shown to be a plain violation of the constitution providing that private property shall not be taken for public purposes without just compensation.

**Sufficiency of Petition.**

Where a plaintiff seeks to enjoin the collection or levy of taxes by a city on real estate annexed to and within city boundaries, his petition must state facts sufficient to show that the lands are used exclusively for agricultural purposes, and manifest that, from the character of the surrounding population, the property could not receive any benefits from the extension of the city government over it.

APPEAL FROM BOURBON CIRCUIT COURT.

March 4, 1880.

OPINION BY JUDGE HINES:

This action was brought to restrain the collection of a municipal tax, for general purposes, upon a lot within the limits of the city of Paris. The facts, as they appear from the petition, which was taken for confessed on the failure of the appellant to plead further after a demurrer to the petition was overruled, are substantially as follows: Appellee is the owner of an unimproved lot of about three acres, used only for pasturage, which was brought into the city limits by an extension of the city boundary in 1868. The city has made no improvements in the vicinity of the lot since the extension of the boundary, and neither the appellee nor his property derives any benefit from being within the city limits. It is alleged that there was no necessity for bringing the property within the city limits, and that it was brought in for revenue purposes only. The petition does not state what the character of the improvements in the vicinity of his property is, nor whether the city population extends around or beyond his premises. The injunction was made perpetual, and the city appeals.

The courts cannot declare unconstitutional an act of the legislature extending the boundary of a city or town upon the mere supposition as to the impolicy of such extension; nor should the motives of the extension enter into the consideration of the court in passing

upon such questions. There should be a plain and palpable violation of the constitution, that private property shall not be taken for public use without just compensation, before the courts should interdict the operation of the law. Cases have frequently arisen in which the courts of this state have restrained the collection of taxes for municipal purposes on lands used exclusively for agricultural purposes, when it was manifest from the character of the surrounding population that the property did not and could not receive any benefit from the extension of the city government over it; but in all such cases the rulings are necessarily based upon the constitutional provision that the levy and collection of taxes for general municipal purposes amount to taking private property for public use without compensation. Such a case is not presented by this record.

Wherefore the judgment is *reversed* and cause remanded with directions for further proceedings consistent with this opinion.

*Chas. Offutt, for appellant.　G. C. Lockhart, for appellee.*